# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 7010 | **DATE** | 8/17/2010 |
| **CASE TITLE** | Allstate Ins Co vs. St. Anthony's Spine & Joint Inst et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's Motion for Leave to File Amended Complaint [222] is granted. Plaintiff is to file its amended complaint by 8/24/10.

■[ For further details see text below.]     Notices mailed by Judicial staff.

## STATEMENT

    Before the Court is Plaintiff Allstate Insurance Company's ("Plaintiff") Motion for Leave to Amend Complaint. In its motion, Plaintiff seeks to amend its complaint pursuant to Fed. R. Civ. P. 15(a) to add a count pursuant to the Uniform Fraudulent Transfer Act, 740 ILCS 160/1 *et seq.* ("UFTA"), and to join Fidencio Chaidez, John D'Souza and Bernadine D'Souza as defendants. Defendants St. Anthony's Spine & Joint Institute, P.C., Melvin D'Souza, *et al.* ("Defendants") oppose the motion as futile. For the following reasons, the Court grants Plaintiff's motion for leave to amend.

## BACKGROUND

    Plaintiff filed its complaint on December 19, 2006. On February 2, 2010, the Court denied the majority of Defendant's motion for summary judgment. On March 17, 2010, the Court referred the case to Magistrate Judge Denlow for a settlement conference. During preparation for the settlement conference, Plaintiff learned that Defendant had transferred four real estate properties to his relatives during the pendency of this lawsuit. On June 3, 2010, the parties participated in a settlement conference before Magistrate Judge Denlow, but were unable to reach settlement. On June 24, 2010, Plaintiff filed its motion for leave to amend the complaint.

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

**LEGAL STANDARDS**

I.  Motion to Amend

"Although Federal Rule of Civil Procedure 15(a) instructs that leave to amend shall be freely given 'when justice so requires,' a district court may deny a [party] leave to amend if 'there is undue delay, bad faith or dilatory motive.'" *Sound of Music Co. v. Minnesota Mining & Mfg. Co.*, 477 F.3d 910, 922 (7th Cir. 2007) (citations omitted). The Court may also deny a motion for leave to amend if "undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment" would occur. *Id.* at 922-23 (citations omitted).

II. Motion to Dismiss

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Pursuant to Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As the Seventh Circuit recently explained, this "[r]ule reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross,* 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570); *see also Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (amount of factual allegations required to state a plausible claim for relief depends on complexity of legal theory). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); *Justice v. Town of Cicero,* 577 F.3d 768, 771 (7th Cir. 2009) (court construes complaint in light most favorable to plaintiff drawing all reasonable inferences in plaintiff's favor).

III. Motion for Summary Judgment

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Knight v. Wiseman*, 590 F.3d 458 (7th Cir. 2009). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). In determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 127 S. Ct. 1769, 1776, 167 L. Ed. 2d 686 (2007). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). "Thus, to survive summary judgment, the nonmoving party must present evidence sufficient to establish a triable issue of fact on all essential elements of its case." *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 702 (7th Cir. 2009); *see Rozskowiak v. Vill. of Arlington Heights*, 415 F.3d 608, 612 (7th Cir. 2005) (the

nonmoving party must present "evidence on which the jury could reasonably find for the nonmoving party.").

## ANALYSIS

In its amended complaint, Plaintiff alleges that the following four property transfers by Defendant D'Souza violate the UFTA: (i) a March 31, 2008 transfer of property located at 3055 South Poplar Avenue, Chicago, Illinois to Defendant D'Souza's brother-in-law, Fidencio Chaidez (the "Poplar Transfer"); (ii) an October 22, 2008 transfer of property located at 804 W. 31st Street, Chicago, Illinois to Chaidez (the "31st Street Transfer"); (iii) a September 18, 2007 transfer of property located at 8400 West Roseview, Niles, Illinois to Defendant D'Souza's parents, John and Bernadine D'Souza (the "Roseview Transfer"); and (iv) the January 7, 2010 transfer of property located at 1255-57 W. 127th Street, Calumet Park, Illinois (the "127th Street Transfer") to Chaidez. Defendants oppose Plaintiff's motion for leave to amend by arguing that Plaintiff's proposed amendment is futile. The standard for determining whether a proposed amended complaint would be futile is the same standard of legal sufficiency that applies under Rule 12(b)(6). *See GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997). In addition, "[i]f the amended claim would not survive a motion for summary judgment, the amendment is futile." *Sound of Music Co. v. 3M*, 477 F.3d 910, 923 (7th Cir. 2007). The Court will address the transfers in turn.

## I. Claims Pursuant to 740 ILCS § 160

In its proposed amended complaint, Plaintiff alleges that the Poplar Transfer and the 31st Street Transfer violate Section 160/5(a)(1) of the UFTA. In response, Defendants contend that Plaintiff has not sufficiently pled a claim under the statute. The heightened pleading requirements that apply to fraud cases under Federal Rule of Civil Procedure 9(b) apply to UFTA cases. *See Paloian v. Greenfield (In re Rest. Dev. Group, Inc.)*, 2008 Bankr. LEXIS 3513, *18-*19 (Bankr. N.D. Ill. July 23, 2008). "In the Seventh Circuit, a plaintiff who provides a 'general outline of the fraud scheme' sufficient to 'reasonably notify the defendants of their purported role' in the fraud satisfies Rule 9(b)." *Id.* (citing *Midwest Grinding Co., Inc. v. Spitz*, 976 F.2d 1016, 1020 (7th Cir. 1992)). "To establish fraud in fact under the IUFTA, a debtor must transfer property with the specific intent to hinder, delay, or defraud his creditors." *Grochocinski v. Schlossberg*, 402 B.R. 825, 834-835 (N.D. Ill. 2009) (citing 740 ILCS 160/5(a)(1); *Kunz v. City of Chicago*, No. 01 C 1753, 2007 WL 404022, 2007 U.S. Dist. LEXIS 7958, at *8 (N.D. Ill Jan. 31, 2007)). The UFTA "sets forth eleven factors, referred to as 'badges of fraud,' to guide courts in determining if the debtor possessed the requisite intent." *Id.* (internal citations omitted). The factors are:

> (1) the transfer or obligation was to an insider; (2) the debtor retained possession or control of the property after the transfer; (3) the transfer or obligation was disclosed or concealed; (4) before the transfer was made or obligation incurred, the debtor had been sued or threatened with suit; (5) the transfer was of substantially all the debtor's assets; (6) the debtor absconded; (7) the debtor removed or concealed assets; (8) the value of the consideration received by the debtor was not reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred; (9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred; (10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and (11) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

740 ILCS 160/5(b*); Grochocinski*, 402 B.R. at 834-835.

In its amended complaint, Plaintiff alleges the time, place, relevant parties to and content of the Poplar Transfer and the 31st Street Transfer. (R. 222-1, Amended Compl., ¶¶ 221-27.) In addition, Plaintiff has alleged three badges of fraud: (i) Defendant D'Souza transferred the properties to an insider, his brother-in-law, (ii)

Defendant D'Souza made the transfers during the pendency of the lawsuit, and (iii) Defendant D'Souza became insolvent after the transfers. (*Id.* at ¶¶ 222, 227, 232, 236.) Plaintiff has accordingly stated a claim sufficient to withstand a Rule 12(b)(6) motion to dismiss. *See, e.g., Paloian*, 2008 Bankr. LEXIS 3513, *18-*19 (allegations asserting fraudulent conveyance satisfied the heightened pleading requirements of Fed. R. Civ. P. 9(b) as they supplied the "who," "what," "when," "how," and "why" of the alleged fraud).

Defendants also contend that there is no genuine issue of material fact regarding Defendant D'Souza's actual intent to defraud creditors because Defendant D'Souza's affidavit demonstrates that the Poplar Transfer and the 31st Street Transfer did not render Defendant D'Souza insolvent and that he had proper reasons for selling the properties. As another court in this district has recognized, however, summary judgment in not appropriate in this context:

> The Court finds that a material issue of fact exists regarding whether [defendant] transferred the Property to the Debtor with the actual intent to defraud. The Seventh Circuit Court of Appeals has instructed courts to use summary judgment sparingly when subjective intent is a factor in the determination. *See Alexander v. Erie Ins. Exchange*, 982 F.2d 1153, 1160 (7th Cir.1993). Based upon this limited record, the Court cannot make a finding of actual or presumptive fraudulent intent on the part of [defendant].

*In re McHugh*, 2003 WL 21018601, *7 (Bank. N.D. Ill. 2003). Indeed, the evidence submitted by Plaintiff indicating that Defendant D'Souza transferred the two properties to family members during the pendency of this lawsuit is sufficient to create a genuine issue of material fact regarding Defendant D'Souza's fraudulent intent. (R. 222-1, Ex. B.) Plaintiff's motion for leave to amend is therefore granted with respect to the Poplar Transfer and the 31st Street Transfer.

## II. Claims Pursuant to 740 ILCS § 160/6(a)

Plaintiff has also sufficiently pled its claims relating to the Roseview Transfer and the 127th Street Transfer. Section 160/6(a) of the UFTA allows avoidance of a transfer made by a debtor if the debtor received less than a reasonably equivalent value in exchange for the property and "was insolvent at that time or the debtor became insolvent as a result of the transfer." 740 ILCS § 160/6(a); *Baldi v. Samuel Son & Co.*, 548 F.3d 579, 581 (7th Cir. 2008). Plaintiff has again pled its claims related to the Roseview Transfer and the 127th Street transfer with particularity as required by Rule 9(b). In its amended complaint, Plaintiff alleges that Defendant D'Souza transferred these properties to his relatives and that as a result of the transfers Defendant D'Souza became or claims to have become insolvent. (R. 222-1, Amended Complaint, ¶¶ 238-39.)

With respect to the Roseview Transfer and the 127th Street Transfer, Defendants argue that Plaintiff's motion to amend is futile because Plaintiff cannot prove Defendant D'Souza's insolvency at the time of the transfer. In support, Defendants submit the affidavit and financial records of Defendant D'Souza which Defendants claim demonstrates that he was not insolvent at the time of the relevant transfers. Pursuant to the UFTA, "[a] debtor who is generally not paying his debts as they become due is presumed to be insolvent." 740 ILCS § 160/3(b). The financial disclosures submitted by Defendants indicate that Defendant D'Souza had a number of past due bills at the time of the Roseview Transfer and the 127th Street Transfer. (R. 228-1, Group Exhibit C). Indeed, in his affidavit, Defendant D'Souza asserts that he stopped paying property taxes on the 127th Street property in 2007. (R. 228-1, Ex. B, ¶ 33.) Plaintiff has thus established a genuine issue of material fact regarding Defendant D'Souza's insolvency that precludes summary judgment.

Finally, Plaintiff's motion is timely and will not result in undue prejudice to Defendants. Defendants do not contradict Plaintiff's assertion that Plaintiff learned of the transactions at issue in the amended complaint during the time period leading up to the parties' June 3, 2010 settlement conference, nor do Defendants assert that Plaintiff filed its motion in bad faith. Indeed, there is no indication that Plaintiff could have filed its motion at an

earlier juncture in the case. For the foregoing reasons, the Court grants Plaintiff's motion for leave to amend its complaint.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion for leave to amend its complaint. Plaintiff is to file its amended complaint by August 24, 2010.