# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 7010 | **DATE** | 9/20/2011 |
| **CASE TITLE** | Allstate Ins Co vs. St. Anthony's Spine & Joint Inst | | |

**DOCKET ENTRY TEXT**

The Court grants in part and denies in part Plaintiffs' motion *in limine* [268] to exclude certain statements at trial related to statements in Dr. Freeman's expert reports.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

Before the Court is Plaintiffs' motion *in limine* to exclude certain statements at trial related to statements Dr. Michael Freeman, Defendants' expert, made in his initial and rebuttal expert reports. For the following reasons, the Court grants in part and denies in part Plaintiffs' motion.

### BACKGROUND

In this case, Plaintiffs Allstate Insurance Company, Allstate Indemnity Company and Allstate Property & Casualty Insurance Company (collectively, "Plaintiffs") allege that Defendant Melvin D'Souza, D.C., a chiropractic physician and the sole shareholder of Defendant St. Anthony's Spine & Joint Institute, P.C. (collectively, "Defendants"), defrauded Plaintiffs by submitting false and misleading medical reports, records, and billing statements for chiropractic and diagnostic services. (R. 230, Am. Compl. ¶ 1.) Defendants filed a counterclaim against Plaintiffs alleging that Plaintiffs brought this suit against Defendants in bad faith in contravention of 720 ILCS § 5/46-5(b). The Court granted Plaintiffs' motion for summary judgment with respect to Defendants' counterclaim.

On June 9, 2011, pursuant to the Court's scheduling order (R. 154), Plaintiffs filed a motion to strike the expert testimony in Dr. Freeman's initial expert report. (R. 155.) The Court granted Plaintiffs' motion on August 31, 2009. (R. 179.) On January 21, 2009, Dr. Freeman issued a rebuttal report addressing allegations made by Plaintiffs' chiropractic expert, Dr. Tari Reinke. Plaintiffs did not move to exclude Dr. Freeman's rebuttal report.

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## LEGAL STANDARD

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S. Ct. 460, 83 L. Ed.2d 443 (1984). *In limine* rulings avoid delay and allow the parties the opportunity to prepare themselves and witnesses for the introduction or exclusion of the applicable evidence. *See Wilson v. Williams*, 182 F.3d 562, 566 (7th Cir. 1999); *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989). Trial courts have broad discretion in ruling on evidentiary issues before trial. *See United States v. Chambers*, 642 F.3d 588, 594 (7th Cir. 2011); *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 426 (7th Cir. 2000). Regardless of the Court's initial ruling on a motion *in limine*, the Court may adjust its ruling during the course of trial. *See Farfaras v. Citizens Bank & Trust of Chicago*, 433 F.3d 558, 565 (7th Cir. 2006). The Court will grant a motion *in limine* only when the evidence is clearly inadmissable for any purpose. *See Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997); *Thakore v. Universal Mach. Co. of Pottstown, Inc.*, 670 F. Supp.2d 705, 714 (N.D. Ill. 2009). The moving party bears the burden of establishing that the evidence is not admissible for any purpose. *See Mason v. City of Chicago*, 631 F. Supp.2d 1052, 1056 (N.D. Ill. 2009).

## ANALYSIS

Plaintiffs seek an order precluding "defense counsel, the defendant, Dr. D'Souza, and/or any other witnesses called by the defendants from attempting to offer into evidence at trial any statements similar to the content of the statements referred to in Dr. Freeman's initial report." (R. 268, Plfs.' Mot. at 4.) Plaintiffs further ask the Court to enter an order "preventing Dr. Freeman, defense counsel, and/or any defense witness from offering their own personal feelings about any other witness, including, but not limited to Plaintiffs' expert, Dr. Reinke." (*Id*.) Plaintiffs list some of the "personal feeling" statements, which they extracted from Dr. Freeman's rebuttal report, in their motion. (*Id.* at 2.)

Defendants urge the Court to deny Plaintiffs motion, arguing that it ignores the Court's warning that the parties should not use motions *in limine* to re-litigate prior motions. (R. 273, Defs.' Resp. at 2.) Defendants contend that Plaintiffs did not move to strike Dr. Freeman's rebuttal testimony at the *Daubert* stage, and therefore cannot do so now through a motion *in limine*. (*Id.* at 2-3.) Finally, Defendants argue that Plaintiffs' complaints or fears of a "mistrial" are not proper grounds for their motion. (*Id.* at 3-4.)

To the extent Plaintiffs' motion seeks to exclude defense counsel and all defense witnesses from making statements "similar" to those Dr. Freeman made in his expert report, Plaintiffs' motion is denied. As Plaintiffs concede, the Court has already excluded the opinions expressed in Dr. Freeman's initial report. The Court fully expects the parties to comply with its prior rulings. Moreover, Plaintiffs' request is much broader and covers significantly more testimony than this Court excluded in its August 31, 2009 order. Plaintiffs have not met their burden of establishing that the much broader category of statements they seek to exclude are inadmissible for any purpose. *See Mason*, 631 F. Supp.2d at1056 (moving party bears the burden of establishing that the evidence is not admissible for any purpose); *Jonasson*, 115 F.3d at 440 (courts will grant a motion *in limine* only when the evidence is inadmissible for any purpose); *Hawthorne Partners v. AT&T Techs., Inc*., 831 F. Supp. 1398, 1400-1401 (N.D. Ill. 1993) (unless evidence is clearly inadmissible on all grounds, it should "be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context").

Plaintiffs' motion is also denied as to their request to exclude defense counsel and all defense witnesses from making any "personal feeling" statements about any other witness. Plaintiffs' request is overly broad, and they have not met their burden of establishing with sufficient particularity not only the statements they seek to exclude, but also why such statements are inadmissible for any purpose. *See id.* If Defendants can lay the proper

foundation for such testimony at trial, it will be admissible.

Plaintiffs also seek to exclude several specific statements in Dr. Freeman's rebuttal report where they claim Dr. Freeman engages in a "character assassination" of Dr. Reinke. (Plfs.' Mot. at 3; R. 276, at 2.) The Court will address each of these statements in turn.

On page two of Dr. Freeman's rebuttal report, he refers to "Dr. Reinke's obviously venomous feelings toward Dr. D'Souza. (R. 268-2 at 2.) Because Dr. Freeman is not an expert qualified to opine on Dr. Reinke's feelings, the Court will exclude this statement. The Court will also exclude Dr. Freeman's statement on page 3 of the rebuttal report where he refers to "Dr. Reinke's sometimes hysterical claims." (*Id.* at 3.) That characterization lacks foundation and is outside Dr. Freeman's expertise.

On page 6 of his report, Dr. Freeman opines that "Dr. Reinke shows a remarkable aptitude for finding suspicious activity where there is none." (*Id.* at 6.) On page 15 of Dr. Freeman's report, he opines that "[e]ven if all of Dr. Reinke's claims regarding Dr. D'Souza's use of DMX were true, none of his actions would rise to the level of fraud. Dr. Reinke's standard for fraudulent action by Dr. D'Souza is that she does things differently. By this standard Dr. Reinke would easily find more than 90% of chiropractors to be committing fraud daily." (*Id.* at 15.) The Court denies Plaintiffs' motion to exclude these statements because Dr. Freeman's supports them with analysis and examples drawn from his specialized knowledge as an expert.

Plaintiffs also seek to exclude Dr. Freeman's statement on page 17 of his report that "Dr. Reinke's standard for fraudulent behavior appears to be whatever it is that Dr. D'Souza does and her apparent belief is that calling his activities fraudulent makes them so." (*Id.* at 17.) The Court denies Plaintiffs' motion as to the first half of Dr. Freeman's statement (i.e., "Dr. Reinke's standard for fraudulent behavior appears to be whatever it is that Dr. D'Souza does") because it relates to and is supported by his analysis of the standard he believes Dr. Reinke applied Dr. Souza's conduct. (*See id.* at 16-17.) The second half of the statement, however, lacks foundation and is based on conjecture. Therefore, the Court grants Plaintiffs' motion as to the portion of the statement that reads "her apparent belief is that calling his activities fraudulent makes them so."

The Court grants Plaintiffs' motion as to Dr. Freeman's statement on page 20, where he writes that "Dr. Reinke is being either obtuse or dishonest here." (*Id.* at 20.) Dr. Freeman's statement not only lacks foundation but is also a personal attack on Dr. Reinke. On page 25, Dr. Freeman states that Dr. Reinke's opinions concerning Dr. D'Souza's website materials are "consistent with the baseless, illogical and frankly hysterical allegations that Dr. Reinke repeatedly throws at Dr. D'Souza throughout her report." (*Id.* at 25.) As to this statement, the Court grants Plaintiffs' motion as to the term "frankly hysterical," which is a characterization and not a proper expert opinion. The Court denies the motion as to the remainder of the statement because it is supported by Dr. Freeman's analysis and is within his specialized knowledge.

Plaintiffs further seek to exclude two statements in Dr. Freeman's rebuttal report where Dr. Freeman repeats statements he made in his initial report, which the Court excluded. (Plfs.' Mot. at 2-3.)[1] As indicated in the Court's August 31, 2009 Order, that testimony is inadmissible. *See* 8/31/2009 Order at 9 ("The Court thus excludes the entirety of Dr. Freeman's initial report *and the opinions expressed therein*.") (emphasis added).

---

[1] The statements appear on page 26 of Dr. Freeman's rebuttal report: "As I concluded in my earlier report in this matter it is quite obvious that for Allstate Insurance Inc. and their employees, when it comes to Dr. D'Souza the suspicion of fraud is the same as evidence of fraud. The expression that I used originally for Dr. Reinke's report was a hatchet-job, and that's precisely what it was." (Freeman Rebuttal Rep. at 26.)

Therefore, the Court grants Plaintiffs' motion as to those statements.

To the extent the Court denies Plaintiffs' motion with respect to Dr. Freeman's rebuttal report in this Order, such denial is without prejudice. Plaintiffs are free to make whatever objections to testimony they deem fit to make at trial, at which time the Court will consider them in context. *See Hawthorne Partners*, 831 F. Supp. at 1401 ("The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*.") (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989)).

## CONCLUSION

For the reasons set forth above, the Court grants in part and denies in part Plaintiffs' motion *in limine* to bar certain statements at trial related to statements in Dr. Freeman's expert reports.